MEMORANDUM **
Ezequiel Arnoldo Argueta-Hernandez petitioned for review of the order denying his application for asylum and withholding of removal. We deny his petition for review.
Argueta-Hernandez sought asylum and withholding of removal because of persecution in El Salvador on account of his religious beliefs. We must uphold the denial of asylum and withholding of removal if the agency decision is “supported by reasonable, substantial, and probative evidence on the record considered as a whole.” INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Argueta-Hernandez must show not only that the evidence supports the conclusion that he suffered persecution or has a well-founded fear of persecution on account of a protected ground, but that the evidence compels that conclusion. SinghKaur v. INS, 183 F.3d 1147, 1149-50 (9th Cir.1999); Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996). Where, as here, the Immigration Judge finds the applicant’s testimony to be credible, we accept his testimony as true and undisputed. Ramos-Lopez v. Holder, 563 F.3d 855, 858 (9th Cir.2009).
There is no evidence in the record to compel the conclusion that Argueta-Hernandez was persecuted on account of his religious beliefs. Argueta-Hernandez did not inform the Mara Salvatrucha why he did not want to be “involved in [them] type of group.” Compare Matter of E-A-G-24 I. & N. Dec. 591, 596-97 (B.I.A.2008) (finding no persecution on account of political opinion where there was no evidence the persecutor knew of the petitioner’s political views), with Gonzales-Neyra v. INS, 122 F.3d 1293, 1296, amended by 133 F.3d 726 (9th Cir.1998) (granting petitioner asylum where he told his persecutors he did not agree with their political cause and would not pay any future protection bribes). Furthermore, there is substantial evidence in the record that the Mara Salvatrucha were motivated entirely by economic gain and a desire to swell their ranks.[1]
Petition for review DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the burden of proof for withholding of removal is higher than that for asylum, Argueta-Hernandez’s failure to establish eligibility for asylum requires denial of his application for withholding of removal. Singh-Kaur, 183 F.3d at 1149; Fisher, 79 F.3d at 961.